**FEDERAL DEPOSIT INSURANCE CORPORATION,**
Plaintiff/Appellee,

v.

**Douglas M. KRATZ,**
Defendant/Appellant.

**No. 89–2103SI.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 13, 1990.

Decided March 16, 1990.

Patrick J. McNulty, Des Moines, Iowa, for defendant/appellant.

Megan Antenucci, Des Moines, Iowa, for plaintiff/appellee.

Before WOLLMAN and MAGILL, Circuit Judges, and BOGUE * Senior District Judge.

BOGUE, Senior District Judge.

Douglas M. Kratz appeals from an order of the district court[1] granting the Federal Deposit Insurance Corporation's (FDIC) motion for summary judgment. The district court concluded that Kratz's personal guaranty on a note obligated his payment to FDIC pursuant to 12 U.S.C. § 1823(e), even though Kratz raised the defense that

---

\* The Honorable Andrew W. Bogue, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Harold D. Vietor, Chief Judge for the United States District Court for the Southern District of Iowa.

he was fraudulently induced to enter into the guaranty. We affirm.

## FACTUAL BACKGROUND

Because this is an appeal from a grant of summary judgment, we will relate the facts in the light most favorable to Kratz. In 1984, Kratz and two others [2] formed a holding company to purchase the Bedford National Bank (Bedford). During the purchase negotiations, the controlling shareholder of Bedford also held control of the First National Bank of Prairie City (Prairie). Both banks are in rural Iowa. As part of Kratz's purchase of Bedford, Kratz agreed to purchase a note held by Prairie. The Office of the Comptroller of the Currency (OCC) refused to allow Kratz's purchase of the Prairie note as part of the Bedford purchase.

On November 2, 1984, Kratz and the controlling shareholder of Prairie struck an agreement where Kratz agreed to purchase the unpaid principal and interest on the note held by Prairie, if any existed, on November 2, 1985. Prairie's records reflected that the note was a purchase money note secured by livestock purchased with the proceeds of the loan. Kratz claims that representations were made to him that the note was indeed a purchase money note secured by livestock.

After Kratz signed the limited guaranty, he discovered that the loan was not a purchase money note and that it was not secured by livestock. When Prairie made a demand on Kratz, upon default of the maker, he refused to pay. On February 3, 1986, Prairie brought suit against Kratz in Iowa state court to enforce the limited guaranty. Kratz affirmatively defended arguing estoppel and fraud in the inducement. Prairie subsequently wrote off the loan from the bank's books.

Meanwhile, OCC closed Bedford for insolvency on May 1, 1986. OCC also closed Prairie on July 24, 1986. In both closings, FDIC was appointed receiver. At the same time of Prairie's closing, FDIC as receiver executed a sale of assets of Prairie to FDIC in its corporate capacity, on assets not acquired under a purchase and assumption transaction of a new owner. The note in question was one of the assets transferred to FDIC in its corporate capacity. On August 19, 1986, FDIC sought removal of the action to federal court.

## DISCUSSION

The standard of review when considering the appropriateness of a district court's grant of summary judgment is well settled. Summary judgment is appropriate only when there is no issue of material fact and where the dispute can be decided purely on legal grounds. The district court's function is not to weigh the evidence, but instead determine as a matter of law whether genuine issues of material fact exist. This determination must be done in the light most favorable to the non-moving party and to give that party all reasonable inferences which may be drawn from the underlying facts. *Hines v. A.O. Smith Harvestore Products, Inc.*, 880 F.2d 995, 997 (8th Cir.1989) *citing AgriStor Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987).

Kratz argues on appeal that genuine issues of fact exist regarding 1) the capacity of FDIC in bringing this lawsuit; 2) the note was being handled by FDIC as receiver after the bank closed; 3) FDIC did not review or consider the note in making its least cost judgment under 12 U.S.C. § 1823(c); and 4) FDIC did not pay any value for the note in question. These matters were clearly before the district court prior to its entry of summary judgment in favor of FDIC.

The district court properly concluded that FDIC had the requisite capacity to bring this suit and that FDIC was exercising its authority to sue in its corporate capacity, and not in its receivership capacity. The issue of whether or not FDIC was acting in its corporate or receiver capacity was firmly decided when the district court

---

**2.** These two other individuals were originally parties to this suit but they were dismissed from

this action after discharge in bankruptcy.

permitted substitution of FDIC in its corporate capacity as plaintiff on December 21, 1988, which was prior to the entry of summary judgment.

Kratz claims that genuine issues of fact exist relating to whether or not FDIC properly reviewed or considered this note in making its least cost judgment prior to transfer of assets, and whether FDIC paid any value for the note in question, involve questions of fact which are irrelevant and not material to the dispositive issue in this case. *See Hines*, 880 F.2d at 997.

■ The sole issue is whether Kratz should be allowed to assert the personal defense of fraud in the inducement to an action brought by the FDIC in its corporate capacity to enforce a personal guaranty originally held by a failed bank. The district court correctly decided this issue as a matter of law, finding that Kratz's defense of fraudulent inducement fails in view of the provisions of and public policy behind 12 U.S.C. § 1823(e). Therefore, summary judgment was appropriate in this case because the dispute was decided on purely legal grounds. *Hines*, 880 F.2d at 997.

■ The dispositive law in this case was correctly applied. 12 U.S.C. § 1823(e)[3] precludes the defense of fraud in the inducement unless the representation was in writing, contemporaneously made with the guaranty, approved by the bank's board of directors, and made part of the bank's records continuously since the guaranty was made. *Langley v. Federal Deposit Ins. Corp.*, 484 U.S. 86, 108 S.Ct. 396, 402, 98 L.Ed.2d 340 (1987). Unlike fraud in the factum which renders an instrument entirely void, fraud in the inducement merely renders the note voidable. *Id.* Therefore, an interest held by Prairie in the defaulted note properly passed to FDIC—both as re-

ceiver and in its corporate capacity—which accordingly allows the application of § 1823(e) in the present case. The fact that the defaulted note was already charged off Prairie's books is not significant. A legal interest in the Iowa state court suit remained with Prairie which subsequently transferred to FDIC.

■ Finally, even if FDIC had knowledge of the oral misrepresentation prior to its acquisition of the note, such knowledge is not relevant to whether § 1823(e) applies. The voidable interest is transferrable whether or not FDIC knows of the misrepresentation or fraud which produces the voidability. *Id.* at 92–96, 108 S.Ct. at 402–403. *See also Federal Deposit Ins. Corp. v. Galloway*, 856 F.2d 112, 115 (10th Cir.1988).

### CONCLUSION

Clearly, the defaulted note, Kratz's guaranty, and Prairie's right to suit were purchased by FDIC in its corporate capacity from the receiver on the contract for sale executed on July 24, 1986. There is no limiting language in § 1823(e), or in the case law books. Thus, FDIC in its corporate capacity is entitled to collect on Kratz's guaranty.

Kratz's claim that he was fraudulently induced into the guaranty upon oral misrepresentations can only succeed if he can demonstrate compliance with the four statutory requirements as set forth in § 1823(e). Kratz clearly failed in this respect. Therefore, Kratz's personal defense of fraud in the inducement against FDIC must also fail. Summary judgment was appropriate in this case because no genuine issues of material fact exist and the controlling issue was decided on purely legal grounds. *Hines*, 880 F.2d at 997.

**3.** Section 1823(e) provides in relevant part as follows:

No agreement which tends to diminish or defeat the right, title or interest of the [FDIC] in any asset acquired by it under this section, either as security for a loan or by purchase, shall be valid against the [FDIC] unless such agreement (1) shall be in writing, (2) shall have been executed by the bank and the person or persons claiming an adverse interest

thereunder, including the obligor, contemporaneously with the acquisition of the asset by the bank, (3) shall have been approved by the board of directors of the bank or its loan committee, which approval shall be reflected in the minutes of said board or committee, and (4) shall have been, continuously, from the time of its execution, an official record of the bank.

Accordingly, the judgment of the district court is affirmed.