Angel T. REY and Leslie Rey

v.

OAK TREE SAVINGS BANK, S.S.B. and Karen Landry.

Civ. A. No. 92–400.

United States District Court, E.D. Louisiana.

March 8, 1993.

## ORDER AND REASONS FOR ENTRY

CLEMENT, District Judge.

Defendant Resolution Trust Corporation (RTC) contends that this court lacks subject matter jurisdiction because plaintiffs Angel T. Rey and Leslie Rey (plaintiffs) did not take "some action" to "continue" this case within 60 days, as required by 12 U.S.C. §§ 1821(d)(6)(A) and (B) of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 (FIRREA). Guided by FIRREA's legislative history, the court concludes that the only reasonable interpretation of §§ 1821(d)(6)(A) and (B) is that, after exhaustion of administrative remedies, a plaintiff whose case has been stayed or suspended must file a motion to renew his or her action or must otherwise indicate to the court that it intends to go forward with the claim. In this case, however, the plaintiffs' action *was never stayed or suspended.* When an action has not been stayed or suspended, the requirement in §§ 1821(d)(6)(A) and (B) that plaintiffs move to renew the case cannot, and does not, apply. As a *matter of common sense,* plaintiffs cannot be required to file a motion to return their action to active status if that action is not inactive.

### A. BACKGROUND

On July 17, 1991, plaintiffs brought this wrongful termination and defamation action against defendants Oak Tree Savings Bank S.S.B. (Oak Tree) and Karen Landry in the Civil District Court for the Parish of Orleans. On October 13, 1991, several months after the action was filed in state court, the Office of Thrift Supervision (OTS) declared Oak Tree insolvent and appointed the RTC as Oak Tree's receiver.

On November 8, 1991, the RTC removed this action to the United States District Court for the District of Columbia. The RTC also filed a motion to stay the matter pending administrative review. The District of Columbia district court never ruled on this motion; instead, the case was transferred to the United States District Court for the Eastern District of Louisiana on January 13, 1992.

Since this transfer, the case has been dormant. In July of 1992, the RTC requested, and received, leave of court to add counsel of record. Next, the case was placed on the court's November 4, 1992 "call docket" because plaintiffs failed to serve Landry or otherwise prosecute this case. On the instruction of the court, on November 16, 1992, plaintiffs filed a motion seeking additional time to serve Landry.

The parties agree that plaintiffs timely mailed a proof of claim to the RTC and, thus, exhausted administrative process, as required by 12 U.S.C. § 1821(d)(3).

### B. ANAYLSIS

The RTC insists that this court lacks subject matter jurisdiction because plaintiffs failed to take some sort of affirmative action within 60 days of the expiration of the 180 day period for administrative review. According to the RTC, the plaintiffs were required to take some action to "continue" this suit between July 19, 1992 and September 17, 1992. The RTC maintains that this requirement is located in §§ 1821(d)(6)(A) and (B), which provide for judicial determination of claims and set forth the statute of limitations for such review. These sections state:

(A) In general. Before the end of the 60-day period beginning on the earlier of—

(i) the end of the period described in paragraph (5)(A)(i) with respect to any claim against a depository institution for which the Corporation is receiver; or

(ii) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(i),

the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph

636

(7) or file suit on such claim (or continue an action commenced before the appointment of the receiver) in the district or territorial court of the United States for the district court within which the depository institution's principal place of business is located or the United States District Court for the District of Columbia (and such court shall have jurisdiction to hear such claim).

(B) Statute of limitations. If any claimant fails to—

(i) request administrative review of any claim in accordance with subparagraph (A) or (B) of paragraph (7); or

(ii) file suit on such claim (or continue an action commenced before the appointment of the receiver),

before the end of the 60–day period described in subparagraph (A), the claim shall be deemed disallowed (other than any portion of such claim which was allowed by the receiver) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claims.

12 U.S.C. §§ 1821(d)(6)(A), (B) (1992 Supp.) (emphasis added).

The effect of the 60 day language in §§ 1821(d)(6)(A) and (B) on cases pending before a district court appears to be a question of first impression. None of the cases cited by the RTC in support of its interpretation of these provisions—*FDIC v. Hanson,* 799 F.Supp. 954 (D.Minn.1992), and *Praxis Properties v. Colonial Savings Bank,* 947 F.2d 49 (3d Cir.1991)—directly addresses the relationship between the 60–day language and the parenthetical phrase concerning the continuance of an action, brought before the appointment of a receiver, that is pending in district court.[1]

There is no unambiguously correct answer to this question of statutory interpretation. On the one hand, these sections do not state explicitly what a plaintiff must do to "continue" a pending case within the 60–day period. Moreover, as a semantical point, the verb "continue" is not an obvious choice if Congress intended §§ 1821(d)(6)(A) and (B) to require a plaintiff in a pending case to take some sort of formal affirmative action before the end of the 60–day period.

On the other hand, the only reasonable and natural reading of §§ 1821(d)(6)(A) and (B) is that the 60–day period applies to all three options set out in the statute's text: administrative review, filing actions, and pending actions. The court finds no reason, nor do plaintiffs provide one, to interpret the 60–day period as applying to administrative review and newly-filed suits but not to pending cases, other than perhaps the fact that the "continued" language is contained in parentheses.

FIRREA's legislative history supports the RTC's interpretation of §§ 1821(d)(6)(A) and (B) and, helpfully, indicates the nature of the act required of a plaintiff. The House Report discussing FIRREA's administrative review process states:

After exhaustion of streamlined administrative procedures, a claimant has a choice to either bring a claim de novo in the District Court ... or have the claim determination reviewed by ... administrative process ... Any suit *(or motion to renew a suit filed prior to the appointment of the receiver)* must be brought by the claimant within 60 days after the denial of the claim.

H.R.Rep. No. 101–54(I), 101st Cong., 1st Sess., *reprinted in* 1989 U.S.Code Cong. & Admin.News, 86, 214 (emphasis added), *quoted in In re Federal Deposit Ins. Corp.,* 762 F.Supp. 1002, 1005 (D.Mass.1991).

1. *Hanson* implicitly interprets the 60 day limit as applying to continuing actions, although it never makes this point explicit and never supports its conclusion with statutory analysis. In *Hanson,* the issue was whether a district court had jurisdiction to consider counterclaims brought by the plaintiff prior to the RTC's appointment as receiver. Rather than "continuing" the action after its claim was disallowed by the RTC, the plaintiff sought further administrative review

pursuant to § 1821(d)(7)(A). The RTC, however, denied Hanson's request for review because it had no implemented administrative procedures for providing review. 799 F.Supp. at 958. The district court determined that it was deprived of jurisdiction to consider the pending counterclaims because the plaintiff had not done what it needed to do within 60 days. Unlike the instant case, however, Hanson's counterclaims were stayed pending administrative review.

It is important to note that the court's interpretation of §§ 1821(d)(6)(A) and (B) as requiring a motion to renew or reactivate within the 60–day period is consistent with the practice of staying or suspending cases pending completion of administrative review. *See, e.g., Guidry, et al v. RTC,* 790 F.Supp. 651, 653, 654 (E.D.La.1992) (recognizing implied 180–day stay).

Nevertheless, the court believes that §§ 1821(d)(6)(A) and (B) do not extend to the atypical circumstances of this case. Here, unlike the vast majority of cases involving administrative review of claims filed before the RTC was appointed receiver, the plaintiffs' action was *never* suspended or stayed. Sections 1821(d)(6)(A) and (B) simply do not address this situation. As a matter of common sense and simple equity, a plaintiff cannot be required to file motion to restore an action to active status if that action is not inactive. In this case, significantly, the RTC never renewed its motion to stay after its transfer from the District of Columbia. The court finds it revealing that the RTC does not suggest the specific affirmative act that plaintiffs should have taken but merely asserts that the plaintiffs should have taken some action.

Accordingly,

IT IS ORDERED that the motion of Defendant Resolution Trust Corporation to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is DENIED.