**UNITED STATES of America, Appellee,**

v.

**Takeshi BROWN, Appellant.**

No. 93–4039.

United States Court of Appeals, Eighth Circuit.

Submitted June 15, 1994.

Decided Aug. 31, 1994.

Rehearing Denied Oct. 4, 1994.

---

William Arthur Shirley, St. Louis, MO, argued, for appellant.

John James Ware, St. Louis, MO, argued, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

RICHARD S. ARNOLD, Chief Judge.

Takeshi Brown appeals his conviction and sentence for conspiracy to possess with the intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and possession with the intent to distribute cocaine base, under 21 U.S.C. § 841(a)(1). Brown argues that the evidence at trial was insufficient for a conviction, the District Court erred when it failed to instruct the jury on the definition of "knowingly," the District Court erred when it instructed the jury that it could consider evidence of a prior felony conviction in evaluating the credibility of the defendant, the District Court illegally sentenced him to a mandatory minimum sentence of twenty years, and his trial counsel was ineffective. We affirm in part and reverse in part.

### I.

Trial testimony indicated the following sequence of events. On May 5, 1993, Craig Kortum, a United Parcel Service (UPS) driver, attempted to deliver a package to Cedric Spencer at 6003 Enright, St. Louis, Missouri. Kortum checked the mail boxes at the Enright address but, because no one named Cedric Spencer was listed, decided to return the package to the UPS office.

As Kortum was returning to his truck, two individuals approached him and told him that Spencer lived upstairs but was not home. Michael Turner, Brown's co-defendant, offered to sign for the package and told Kortum that Brown lived in the building. Because the men were unable to produce identification, Kortum gave them the UPS tele-

phone number and told them to tell Spencer to call UPS to retrieve the package.

Shortly thereafter, the two men pulled alongside Kortum's truck and asked him whether UPS would let them sign for the package, if they brought proper identification. Kortum said yes, and after finishing his route, he returned the package to the UPS office. Kortum did not identify Brown at trial.

Kortum gave the package to his boss, who checked the phonebook and another directory for a Cedric Spencer. Neither source contained Spencer's name or address, so the manager opened the package to look for an invoice. He found a teddy bear wrapped in fabric softener and old shirts. Suspecting that the fabric softener's purpose was to disguise the smell of drugs, the manager called another supervisor. They found 237.27 grams of crack cocaine inside the bear.

At this point, UPS personnel called the police, and Detective Elmer Morris responded. Immediately thereafter, a man claiming to be Cedric Spencer called the UPS office, requested that the package be held for pick-up on the following day, and left a phone number (Michael Turner's mother's number). On the basis of the phone call, Morris determined that a police surveillance team should wait for Cedric Spencer to pick up the package.

The next morning, Michael Turner arrived at the UPS office driving his mother's car. Takeshi Brown was the only passenger in the car. They drove past the entrance to the UPS parking lot and drove down the street, stopping parallel to a vehicle in which two undercover officers were stationed. Brown and Turner looked at the detectives and then drove away, returning shortly thereafter. This time, when Brown and Turner looked at them, the detectives pretended to be smoking marijuana as a cover. Brown and Turner then drove into the UPS entrance, and the detectives informed the other surveillance officers by radio.

Detective Morris, who was in the building, saw Brown and Turner park their car and watched Brown get out of the car and enter the UPS building. Brown went to the counter, identified himself as Cedric Spencer, and requested a package for 6003 Enright. As identification, he produced a piece of paper with the name Cedric Spencer, which was later determined to be a photocopy of a tampered California identification card in the name of Cedric Spencer, but with Brown's birth date. Brown signed for the package as Cedric Spencer and returned the fake identification card to his pocket. He took the package and left the building.

The police arrested both Turner and Brown in the parking lot. During the booking process, Brown gave his home address and telephone number as the same as Turner's. The police checked with the utility companies and the landlady at 6003 Enright and determined that no one by the name of Cedric Spencer lived there.

The Government filed an information alerting Brown that it was seeking a statutorily enhanced sentence, pursuant to 21 U.S.C. § 851(a)(1), based on a prior conviction for possession of phencyclidine (PCP). At trial, Turner's mother testified that Brown and Turner had been living in California prior to their arrest, and that they had arrived in St. Louis at the end of April. After the jury found Brown guilty, the Court determined that he should receive the twenty-year enhanced sentence requested by the Government. Brown appealed.

## II.

### A.

 First, Brown argues the evidence introduced at trial was insufficient to convict him. We affirm a conviction if the record can rationally support the verdict, and we give the Government the benefit of any inferences that may reasonably be drawn from the evidence. *United States v. Foote*, 898 F.2d 659, 663 (8th Cir.1990). We hold that the evidence at trial was sufficient to prove that Brown, who actually retrieved the package of cocaine from the UPS office, had the requisite knowledge to be convicted of conspiracy and possession with intent to distribute cocaine.

### B.

■ Second, Brown contends that the District Court erred when it denied his request to instruct the jury about the definition of the term "knowingly." We have held that the failure to define "knowingly" is not error, *United States v. Johnson,* 892 F.2d 707, 710 (8th Cir.1989), unless the proposed instruction is required for a fair determination of the defendant's guilt or innocence. *United States v. Nabors,* 762 F.2d 642, 652 (8th Cir.1985). "Knowingly" is not a term of art. The word's meaning is a matter of common knowledge. We hold that an instruction defining the term "knowingly" was not required in this case; the District Court did not err when it declined the defendant's request to give such a definition.

### C.

■ Third, the appellant asserts that the District Court erred when it instructed the jury that it could consider evidence of a felony conviction in determining the credibility of Brown's testimony at trial. The defendant did not object to this instruction at trial; therefore, we reverse only if we find the District Court's instruction was plain error. *United States v. DePuew,* 889 F.2d 791, 793 (8th Cir.1989). We note that Brown initially brought his prior conviction to the attention of potential jury members during voir dire, and testified about his prior conviction on direct examination. By "drawing the sting" the defendant opened himself up to questions about his prior conviction. *United States v. Smiley,* 997 F.2d 475, 479–80 (8th Cir.1993). At this point in the proceedings, Brown had not yet claimed that the conviction was a misdemeanor instead of a felony. By failing to object at trial, the defendant waived his right to object on appeal, and the District Court's instruction was not plain error.

### D.

■ Fourth, Brown argues that the District Court erred when it found that his prior conviction was a felony, the consequence of which was that Brown had to be sentenced to the twenty-year minimum sentence required under 21 U.S.C. § 841(b)(1)(A). The Gov-

ernment argues that Brown's offense was a felony and that, even if it was not, by failing to file a written response to the information the Government filed pursuant to 21 U.S.C. § 851(a)(1), Brown waived the opportunity to raise this claim before us.

Title 21 U.S.C. § 841(b)(1)(A) states that when a person who has a prior conviction for a felony drug offense commits an offense under Section 841(a), that person must be sentenced to a minimum prison term of twenty years. The statute further defines a felony drug offense to include any felony drug offense under state law. Before requesting an enhanced sentence, the Government must file, prior to trial or plea, an information stating the previous conviction on which it intends to rely for the enhancement. 21 U.S.C. § 851(a)(1). A defendant who wishes to claim that the alleged conviction is invalid must respond to the information. 21 U.S.C. § 851(c)(1).

In compliance with the written-notice requirement of Section 851(a)(1), the Government filed an information notifying Brown that it intended to request an enhanced sentence at trial. Brown did not respond to that information before his sentencing hearing. However, at the sentencing hearing, Brown objected to the enhanced sentence and argued that the Government had not provided evidence sufficient to prove that the prior conviction was a felony instead of a misdemeanor. In response, the Government offered a copy of the information filed in California Superior Court which charged Brown with a felony drug offense. The Government also objected to Brown's argument, on the ground that Brown had failed to file a written response before the sentencing hearing. Although the District Court noted that prior to this time Brown had not filed an objection, it went on to address the merits and found that Brown's violation was a felony. Under these circumstances, we think the issue is properly preserved for appeal. Although the statute contemplates an objection in writing, it does not say that an argument that a prior conviction was a misdemeanor instead of a felony is lost if it is made only orally. (It *does* say this about an attack on the *validity* of a prior conviction.) The Government had

timely notice of the objection and argued against it on the merits. The District Court ruled on the merits. We will likewise do so.

We now turn to the merits of Brown's contention—that his prior conviction was a misdemeanor, not a felony. In 1981, Brown pleaded guilty to one charge of possession of a controlled substance, PCP. This offense may be prosecuted as either a felony or a misdemeanor. Cal.Health and Safety Code § 11377 (Deering). The California Superior Court gave Brown a one-year suspended sentence in county jail and placed him on probation. As a condition of his probation, Brown was to serve some time in county jail.

California law defines a felony as any offense for which the law prescribes imprisonment in state prison, either as the alternative or sole penalty, regardless of the sentence a defendant actually receives. Cal.Health and Safety Code § 11362 (Deering). Generally, under California law, when a defendant is convicted of an offense which can be either a felony or a misdemeanor, the offense is regarded as a felony until judgment is imposed. *People v. Banks*, 53 Cal.2d 370, 1 Cal.Rptr. 669, 677, 348 P.2d 102, 110 (1959). However, Section 17 of the California Penal Code modifies Section 11362, specifying certain circumstances in which some crimes are misdemeanors. Section 17 provides in part:

> (b) When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances:

> (1) After a judgment imposing a punishment other than imprisonment in the state prison.

> . . . . .

> (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor.

Cal.Penal Code § 17(b)(1), (3) (Deering). Thus, the court which imposes or suspends a sentence has the power to declare an offense to be a misdemeanor when it grants probation or anytime thereafter. See *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir.1992).

We believe that the California Superior Court did just that in Brown's case. Although the copy of the California criminal information sheet the Government presented to the District Court indicated that Brown had been charged with a felony, that prosecution document alone is not necessarily binding. Instead, the California Superior Court's actions after Brown pleaded guilty are dispositive. The California Superior Court papers indicate that it deemed Brown's crime to be a misdemeanor. Thus, by declaring Brown's offense to be a misdemeanor at the time of sentencing, under Section 17(b)(3), Brown's crime became a misdemeanor for all purposes. We reverse on this issue.

### E.

Finally, Brown argues that his trial counsel was ineffective. We hold that this issue is not properly before this Court, and therefore express no opinion as to the merits of this claim. See *United States v. Petty*, 1 F.3d 695, 695–96 (8th Cir.1993).

### III.

In conclusion, we hold that Brown's ineffective-assistance-of-counsel claim is not properly before this court. We affirm in all other respects except the imposition of a mandatory minimum sentence for a prior felony conviction. The judgment of conviction is affirmed. The sentence is reversed, and the cause remanded for resentencing consistent with this opinion.

It is so ordered.