# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1496

_____

United States of America,⁣      *
     *
        Appellant,     *
     *
       v.     *
     *
James Bradley Weems,     *
     *
        Appellee.     *

_____

No. 07-1531

_____

Appeals from the United States
District Court for the
Western District of Arkansas.

United States of America,     *
     *
        Appellant,     *
     *
       v.     *
     *
Christopher Mitchell,     *
     *
        Appellee.     *

_____

Submitted: January 15, 2008
Filed: February 28, 2008

_____

Before WOLLMAN and SMITH, Circuit Judges, and GRITZNER,[1] District Judge.
_____

WOLLMAN, Circuit Judge.

James Weems and Christopher Mitchell were involved in a cross burning incident and were subsequently convicted by a jury of conspiring to threaten and intimidate an African-American man in the exercise of his housing rights because of his race, in violation of 18 U.S.C. § 241. The government appeals, contending that the district court erred in calculating the defendants' offense levels by not applying the three-level enhancement for hate crime motivation and by granting a two-level reduction for the defendants' roles in the offense. Because we conclude that the district court did not correctly calculate the applicable guidelines range, we vacate the sentences and remand the cases to the district court for resentencing.

I. Background

On August 5, 2005, Weems, Mitchell, Clint Wurtele, and others attended a party at Christopher Baird's home in Fouke, Arkansas. A discussion arose in which Baird's African-American neighbor was discussed in a racially derogatory way. Before the evening was over, a wooden cross was constructed and set on fire outside the neighbor's home.

On May 3, 2006, a federal grand jury indicted Weems, Mitchell, and Wurtele on two counts. Count I charged the defendants with conspiring to injure, oppress, threaten and intimidate an African-American man in the free exercise and enjoyment of his housing rights because of his race. Count II charged the defendants with burning a cross to willfully intimidate and interfere with an African-American man

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

-2-

because of his race and color and because he was occupying a dwelling in Fouke, Arkansas. The defendants pleaded not guilty. After the trial, the jury found Weems and Mitchell guilty on Count I and acquitted them on Count II. The jury acquitted Wurtele on both counts.

Baird entered a guilty plea to one count of conspiracy to threaten and intimidate an African-American man in the free exercise and enjoyment of his housing rights. The applicable base offense level was 12. The district court applied the three-level enhancement for hate crime motivation. The district court also granted a two-level reduction for acceptance of responsibility, and a three-level reduction for substantial cooperation. The final offense level was 10, and the corresponding guidelines range was six to twelve months' imprisonment. The district court sentenced Baird to six months' home detention, three years' probation, a $2,000 fine, and a $100 special assessment.

When sentencing Weems and Mitchell, the district court declined to apply the three-level enhancement for hate crime motivation. The district court granted the defendants' request for a two-level reduction for being minor participants in the conspiracy, resulting in an offense level of 10. The district court sentenced both defendants to one month of imprisonment, five months' home detention, two years' supervised release, a $2,000 fine, and a $100 special assessment.

II. Hate Crime Motivation

When imposing a sentence, the district court must begin by correctly calculating the applicable guidelines range. United States v. Foster, No. 07-1217, 2008 WL 248761, at *1 (8th Cir. Jan. 31, 2008) (quoting Gall v. United States, 128 S. Ct. 586, 596 (2007)). Under the guidelines, the defendant's offense level must be increased by three levels "[i]f the finder of fact at trial . . . determines beyond a reasonable doubt that the defendant intentionally selected any victim or any property as the object of the

offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender, disability, or sexual orientation of any person . . . ." United States Sentencing Guidelines (U.S.S.G.) § 3A1.1(a). We review the district court's application of the sentencing guidelines *de novo* and its factual findings for clear error. Foster, 2008 WL 248761, at *1.

Because the jury found beyond a reasonable doubt that Weems and Mitchell selected the victim because of his race, the district court should have applied the three-level enhancement when calculating the correct guidelines range. See United States v. Pospisil, 186 F.3d 1023, 1031 (8th Cir. 1999) (the jury's finding provided sufficient basis to impose enhancement). Applying the hate crime motivation enhancement for a violation of 18 U.S.C. § 241 is not duplicative because the race of the victim is not an element of § 241, and it is not incorporated in the applicable base offense level. See U.S.S.G. § 2H1.1(a); United States v. McDermott, 29 F.3d 404, 411 (8th Cir. 1994). Moreover, the district court applied the hate crime motivation enhancement to Baird, who pleaded guilty to violating § 241. Thus, the district court erred by not applying the enhancement when it calculated the applicable guidelines ranges for Weems and Mitchell.

A nonharmless error in the calculation of the applicable guidelines range requires a reviewing court to vacate the sentence and remand the case for resentencing. See United States v. Icaza, 492 F.3d 967, 970 (8th Cir. 2007). In this case, the district court's error was not harmless. The guidelines range that results after applying the three-level enhancement is higher than the guidelines range used by the district court. See United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005) (noting that an error in calculating the applicable guidelines range would be harmless if the sentence imposed by the district court fell within both the correct and incorrect guidelines ranges). Additionally, the district court noted at sentencing that it intended to sentence the defendants within the applicable guidelines range because it did not see any reason to grant downward departures. Tr. 600-03.

Weems and Mitchell assert that it is unreasonable to increase their offense levels for hate crime motivation because their coconspirator, Baird, was given a lesser sentence than what they face, even though Baird was allegedly responsible for many of the significant steps in building and burning the cross. This argument, however, ignores the fact that coconspirators can receive different sentences if, *inter alia*, they are eligible for offense level reductions for substantial assistance and acceptance of responsibility. See United States v. Ball, 499 F.3d 890, 900 (8th Cir. 2007). Baird entered a guilty plea and received reductions in his offense level for acceptance of responsibility and cooperation with the government. Thus, the fact that the defendants face higher guidelines ranges than the sentencing range Baird faced does not make application of the enhancement for hate crime motivation unreasonable.

III. Role in the Conspiracy

The district court found that Weems and Mitchell were minor participants in the conspiracy and applied a two-level reduction in their offense levels. The government asserts that this finding was clearly erroneous because the defendants were deeply involved in the conspiracy.

A defendant who is found to be a minor participant in the criminal activity is entitled to a two-level decrease in his offense level. U.S.S.G. § 3B1.2(b). Whether a defendant was a minor participant is "determined by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable and by measuring each participant's individual acts and relative culpability against the elements of the offense." United States v. Ramos-Torres, 187 F.3d 909, 915 (8th Cir. 1999). The defendant has the burden of proving that a reduction in offense level is warranted and, if the defendant was involved in a conspiracy, the defendant must show "that his culpability was relatively minor compared to that of the other participants and that he was not deeply involved in the offense." United States v. Lopez-Vargas, 457 F.3d 828, 831 (8th Cir. 2006). We

review a district court's finding that a defendant was a minor participant in the offense for clear error, and we reverse if the decision "is not supported by substantial evidence, it resulted from an erroneous conception of the applicable law, or we firmly believe, after reviewing the record, that a mistake has been made." United States v. Bueno, 443 F.3d 1017, 1022 (8th Cir. 2006).

Weems and Mitchell did not offer any evidence comparing their culpabilities with that of the other participants in the conspiracy. See id. at 1022-23 (concluding that the district court's determination that defendant was a minimal participant was erroneous because the defendant did not offer any evidence regarding the culpabilities of each participant). Weems and Mitchell merely asserted that they were minor participants and argued that because they were not convicted of the substantive charge of cross burning they were minor participants with regard to the conspiracy. This argument fails to meet their burden, however, because the relevant test is the comparison of each coconspirator's culpability and the measuring of each participant's actions against the elements of the offense. The test does not involve comparing the acts of each participant with the elements of offenses for which the participants were acquitted. Thus, the assertion that Weems and Mitchell were less culpable than Baird with regard to the conspiracy is not supported by substantial evidence.

Additionally, the evidence presented at trial indicates that Weems and Mitchell were deeply involved in the conspiracy. The district court noted that both Weems and Mitchell joined the conspiracy to build a cross for purposes of driving the victim out of the neighborhood and that, although Weems and Mitchell did not physically engage in every step of the building and burning of the cross, they assisted Baird in the activities that led to the construction and burning of the cross. Tr. 599-600 (discussing the indictment). The trial testimony revealed that Weems and Mitchell admitted that they overheard the racially derogatory comments made about Baird's African-American neighbor. Weems asked Baird if he had any wood and teased Baird when

-6-

he returned with driftwood that was not suitable for building a cross. Mitchell gave Weems his hammer, which Weems used to attach the boards in the shape of a cross. Mitchell placed the cross in the back of his truck. Weems and Mitchell went to the site where Baird set up the cross, and when the cross started to fall apart, Mitchell used his screw gun to place at least one screw in the cross. At the time the cross was set on fire, Weems and Mitchell were present at the burn site and were aware that Baird's African-American neighbor lived next to the site. In addition to these undisputed facts, additional evidence presented at trial, shows that Weems and Mitchell were intimately involved in the activities that culminated in the cross burning and does not support the finding that they were minor participants in the offense.

The district court's conclusion that Weems and Mitchell "did not play as major a role as did Baird," Tr. 600, does not mean that Weems and Mitchell were less culpable than Baird with regard to the conspiracy, and it does not negate the fact that, when comparing their actions to the elements of the offense, it is clear that they were deeply involved in the conspiracy. See Pospisil, 186 F.3d at 1032 (affirming the district court's determination that the defendant, who may have played a smaller role in the cross burning than a coconspirator, was not a minor participant in the conspiracy to violate § 241 in light of the fact that he incited the crowd before the cross was burned and helped make the cross flammable); see also United States v. Goodman, 509 F.3d 872, 876 (8th Cir. 2007) (concluding that the district court erred in applying a minimal participant role reduction because the defendant was deeply involved in the conspiracy to manufacture methamphetamine). In sum, our review of the record leaves us with the firm belief that the district court erred when it found that the defendants were minor participants in the conspiracy.

The sentences are vacated, and the cases are remanded to the district court for resentencing in accordance with the views expressed in this opinion.

_____