# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2339

_____

United States of America,  \*
\*
        Appellee,  \*
\*  Appeal from the United States
   v.  \*  District Court for the
\*  District of Nebraska.
Lorenzo Viezcas-Soto,  \*
\*
        Appellant.  \*

_____

Submitted: October 14, 2008
Filed: April 10, 2009

_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

_____

BEAM, Circuit Judge.

Lorenzo Viezcas-Soto appeals his twenty-four month sentence after pleading guilty to one count of illegally reentering the United States following deportation, in violation of 8 U.S.C. § 1326(a). In calculating his offense level under the United States Sentencing Guidelines (U.S.S.G.), the district court imposed a sixteen-level enhancement after determining that a prior state conviction qualified as a felony crime of violence. Because we conclude the government did not meet its burden of proving the offense was a felony within the meaning of the relevant Guidelines section, we vacate Viezcas-Soto's sentence and remand for resentencing.

## I.    BACKGROUND

Viezcas-Soto, a Mexican citizen, first entered the United States in 1980. He is not a United States citizen, and has been deported on three prior occasions: December 1990, July 1991, and February 1994. In November 2007, Viezcas-Soto was once again apprehended by immigration authorities, this time in Omaha, Nebraska. He subsequently pleaded guilty to the illegal reentry charge underlying the instant appeal.

The presentence investigation report (PSR) revealed that in 1990, Viezcas-Soto was convicted in the Superior Court of San Joaquin County, California, on two counts of unlawful sexual intercourse. According to the PSR, the California court imposed a suspended sentence of 365 days in jail (with credit for six days served) and placed Viezcas-Soto on five years' probation. Based on that conviction, the PSR included a sixteen-level enhancement under Guidelines section 2L1.2(b)(1)(A)(ii), for illegal reentry after a deportation that followed a conviction for a felony crime of violence. With the enhancement and an adjustment for acceptance of responsibility, Viezcas-Soto's offense level rose from 8 to 21 and, coupled with his criminal history category of II, subjected him to an advisory range of 41-51 months. Because the statutory maximum sentence was two years' imprisonment, however, twenty-four months became the default Guidelines sentence.

At sentencing, Viezcas-Soto objected to the enhancement on the grounds that his prior offense was neither a felony nor a crime of violence. The government then introduced the state court information, which the district court noted was pled in two felony counts. The government also argued that the conviction was for statutory rape, an enumerated crime of violence under the relevant Guidelines section. On that record, the district court found the enhancement was warranted. The district court thereafter denied Viezcas-Soto's motion for a downward departure and sentenced him to twenty-four months' imprisonment. This appeal followed.

## II.    DISCUSSION

Before imposing a sentence, the district court must begin by correctly calculating the applicable advisory Guidelines range. United States v. Weems, 517 F.3d 1027, 1029 (8th Cir. 2008).  On appeal from that determination, we review the district court's application of the Guidelines de novo, while any factual findings are reviewed for clear error.  Id. at 1030.

Guidelines section 2L1.2(b)(1)(A)(ii) increases a defendant's base offense level by sixteen if the defendant was previously deported following "a conviction for a felony that is . . . (ii) a crime of violence."  Both "felony" and "crime of violence" are terms of art specifically defined for purposes of this section in the accompanying commentary.  U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n.1(B)(iii) & n.2.  On appeal, Viezcas-Soto contends that his prior California conviction for unlawful sexual intercourse does not satisfy the relevant definition of either term.  He also challenges his sentence as substantively unreasonable.  Because we conclude the government failed to prove, by a preponderance of the evidence, that his prior offense was a felony within the meaning of section 2L1.2(b)(1)(A)(ii), we reverse without reaching his other arguments.  See United States v. Razo-Guerra, 534 F.3d 970, 975 (8th Cir. 2008) (denoting the relevant burden of proof), cert. denied sub nom. Rubio-Guerrero v. United States, 129 S. Ct. 1365 (2009).

A felony for these purposes is "any federal, state, or local offense punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n.2. Application of that fairly straightforward definition is complicated in this case, however, by the fact Viezcas-Soto was convicted of violating California Penal Code

section 261.5(c).[1]  That offense, a so-called "wobbler,"[2] is *either* a misdemeanor punishable by imprisonment in the county jail for a term not exceeding one year *or* a felony punishable by imprisonment in the state prison for up to three years.  Cal. Penal Code § 261.5(c); Id. at § 18.  Thus, only the *felony* version of the offense qualifies for the enhancement as an offense "punishable by imprisonment for a term exceeding one year."  U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n.2.

At sentencing, the government introduced the information filed against Viezcas-Soto in San Joaquin County as evidence that his prior offense was a felony.  Noting that it alleged two felony counts of unlawful sexual intercourse, the district court agreed with the government.  That document, however, is not dispositive of the felony-misdemeanor inquiry.  United States v. Brown, 33 F.3d 1014, 1018 (8th Cir. 1994).  Rather, "'[u]nder California law, where [an] offense is alternatively a felony or misdemeanor, it is regarded as a felony for every purpose *until judgment*.'"  United States v. Gomez-Hernandez, 300 F.3d 974, 978 (8th Cir. 2002) (alterations and emphasis added) (quoting United States v. Robinson, 967 F.2d 287, 293 (9th Cir. 1992)).  At that time, as relevant to this case, a wobbler becomes a misdemeanor for all purposes "[a]fter a judgment imposing a punishment other than imprisonment in the state prison."  Cal. Penal Code § 17(b)(1).

---

[1]Although section 261.5 creates several distinct offenses and the information does not specify the applicable subsection, the parties agree Viezcas-Soto was convicted of violating section 261.5(c).  That subsection makes it unlawful for a person eighteen or older to have intercourse with a person who is under eighteen and at least three years younger than the perpetrator.

[2] Robert L. v. Superior Court, 69 P.3d 951, 956 n.9 (Cal. 2003) (noting that an offense punishable either by imprisonment in the state prison or by a county jail sentence is "said to 'wobble' between the two punishments and hence is frequently called a 'wobbler' offense") (quotation omitted).

In this case, it appears such a judgment was rendered. The PSR indicates the California court imposed a suspended sentence of 365 days in jail, with credit for time served, and placed Viezcas-Soto on five years' probation. In granting probation, California judges may either "suspend[] the imposition of sentence or . . . impos[e] sentence and suspend[] the execution thereof." People v. Alotis, 388 P.2d 675, 681 n.3 (Cal.1964) (en banc) (citing Cal. Penal Code § 1203.1). In the former instance, no actual judgment is rendered within the meaning of section 17(b)(1). See id.; see also Gomez-Hernandez, 300 F.3d at 978. This is because under California law, neither an order granting probation nor a suspension of the imposition of sentence is considered to be a judgment imposing punishment. United States v. Bridgeforth, 441 F.3d 864, 871 (9th Cir. 2006) (citing Robinson, 967 F.2d at 292-93). In the latter instance, by contrast, a judgment is actually rendered. People v. Arguello, 381 P.2d 5, 6 (Cal. 1963) (en banc). And in such a case, if the sentence imposed on a wobbler offense is a jail term (as opposed to a term in state prison), "the defendant has, under Penal Code, section 17[(b)(1)], been convicted of a misdemeanor 'for all purposes after a judgment,'" notwithstanding the fact the sentence is thereafter suspended and probation granted. Alotis, 388 P.2d at 681 (quoting Cal. Penal Code § 17).

Thus, in Alotis, the California Supreme Court held that a defendant charged with a wobbler offense stood convicted only of the misdemeanor version of the offense where the state trial judge sentenced her to one year in the county jail, suspended execution of that sentence, and placed her on three years' probation. Id.; see also, e.g., In re Daoud, 549 P.2d 145, 146, 148 n.4 (Cal. 1976) (en banc) (noting that a petitioner who received a suspended jail sentence and probation on a wobbler offense had only been convicted of a misdemeanor because "she was sentenced to the county jail rather than the state prison"). It would seem, therefore, that when the state trial judge sentenced Viezcas-Soto to 365 days in jail, his offense was converted into a misdemeanor for all purposes after a judgment within the meaning of section 17(b)(1), notwithstanding the fact that sentence was suspended and probation granted.

-5-

We couch our conclusion in somewhat equivocal terms, however, because there is an ambiguity in the record that renders the matter not entirely free from doubt. Specifically, although Viezcas-Soto received a suspended jail sentence, he also received five years' probation. Thus, the government cites California Penal Code section 1203a, which governs the period of probation in misdemeanor cases and "limits probation periods to three years or the maximum sentence provided by law for the underlying offense, whichever is greater." Daoud, 549 P.2d at 147-48. Here, the maximum sentence for two counts of misdemeanor unlawful sexual intercourse is two years in county jail (one year on each count), so three years would seem to be the maximum term of probation authorized by section 1203a. See id. Nonetheless, we decline the government's invitation to rely on that apparent inconsistency as support for the conclusion that Viezcas-Soto was convicted of a felony section 261.5(c) offense. It was the government's burden to prove the prior offense was "punishable by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2(b)(1)(A)(ii), cmt. n.2. At best, the record stands in equipoise on that issue and, as such, the government has not met its burden.[3] Accordingly, on the current record, the sixteen-level enhancement was erroneously imposed.

A nonharmless error in the calculation of the applicable Guidelines range requires that a reviewing court vacate the sentence and remand for resentencing. Weems, 517 F.3d at 1030. Here, application of the enhancement resulted in a higher advisory range than would have been applicable otherwise, and brought the statutory maximum sentence into play. See id. (finding that a Guidelines miscalculation was

---

[3]Moreover, the most apposite authority we have found on point suggests California courts might resolve any inconsistency in Viezcas-Soto's favor. See Daoud, 549 P.2d at 147-49 & 147 n.4 (concluding that where a judge imposed a suspended jail sentence on a wobbler offense, but thereafter tried to extend probation beyond the term authorized for misdemeanors, the offense became a misdemeanor upon imposition of the jail term and the probation order would be interpreted as imposing the maximum misdemeanor probation term).

not harmless under comparable circumstances).  The government suggests, however, that the district court would have imposed the same sentence even without the enhancement.  We do note that at the sentencing hearing, the district court discussed Viezcas-Soto's earlier conviction for illegal reentry in the Western District of Oklahoma and the resulting twenty-four month sentence.  And in imposing the sentence, the court concluded:

> the bottom line is . . . he was given a two-year sentence, told not to come back to the United States unless he does so legally, and he did.  And so he's got to get at least the same sentence as he got before.  And so I'm sentencing him to the 24 months, which is the same as he got the last time, and hope that he figures out that he's not supposed to come back here unless he does so legally.

Nonetheless, "to support a finding of harmless error, the record clearly must show not only that the district court intended to provide an alternative sentence, but also that the alternative sentence is based on an identifiable, correctly calculated guidelines range."  United States v. Icaza, 492 F.3d 967, 971 (8th Cir. 2007).  And here, at sentencing, the district court did not identify an alternative Guidelines range without the disputed enhancement and explain a variance therefrom based on the factors delineated in 18 U.S.C. § 3553(a).  Thus, on the record before us, we cannot conclude that the Guidelines miscalculation was harmless error.  See Icaza, 492 F.3d at 971.

## III.  CONCLUSION

For the foregoing reasons, we vacate Viezcas-Soto's sentence and remand his case to the district court for resentencing.

GRUENDER, Circuit Judge, dissenting.

This appeal presents the question whether Viezcas-Soto's prior conviction for violating California's statutory rape law qualifies as a "felony" and a "crime of violence" for purposes of a 16-level enhancement under § 2L1.2(b)(1)(A) of the advisory sentencing guidelines. Although the relevant offense carried a maximum sentence of three years' imprisonment, the Court finds that Viezcas-Soto's conviction was converted from a felony to a misdemeanor under California law. The Court goes on to hold that the district court's erroneous application of § 2L1.2(b)(1)(A) requires a remand for resentencing. Because I would find that Viezcas-Soto's prior conviction qualifies as a felony and a crime of violence and that his 24-month sentence is reasonable, I respectfully dissent.

At the outset, it is worth reiterating that a "felony" under § 2L1.2(b)(1)(A) is "any federal, state, or local offense *punishable* by imprisonment for a term exceeding one year." U.S.S.G. § 2L1.2 cmt. n.2 (emphasis added). The Court asserts that our application of this "fairly straightforward definition" is "complicated" by the fact that California treats statutory rape as a so-called "wobbler" offense. *Ante*, at 3-4. In particular, section 261.5(c) of the California Penal Code provides that

> [a]ny person who engages in an act of unlawful sexual intercourse with a minor who is more than three years younger than the perpetrator is guilty of either a misdemeanor or a felony, and shall be punished by imprisonment in a county jail not exceeding one year, or by imprisonment in the state prison.[4]

It is undisputed that Viezcas-Soto was charged with two counts of committing a felony violation of section 261.5(c). But that does not necessarily signify that the specific characteristics of Viezcas-Soto's offense made it too severe to qualify as a

---

[4]Section 261.5(a) defines "minor" as "a person under the age of 18 years."

misdemeanor, for under California law a wobbler is "regarded as a felony for every purpose until judgment." *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992) (citing *People v. Banks*, 348 P.2d 102 (Cal. 1959)). The sentencing court may convert a felony into a misdemeanor by taking certain actions enumerated by statute, such as "imposing a punishment other than imprisonment in the state prison," Cal. Penal Code § 17(b)(1), or "grant[ing] probation to a defendant without imposition of sentence and . . . declar[ing] the offense to be a misdemeanor," *id.* § 17(b)(3).

The only evidence about the disposition of Viezcas-Soto's prior conviction is the following fragment contained in the PSR: "5 years probation, 365 days jail (credit for 6 days jail) suspended." The Court correctly notes that an order granting probation and suspending the imposition of a sentence is not a "judgment" under California law and thus cannot automatically convert a felony into a misdemeanor. *See Robinson*, 967 F.2d at 293 (citing *People v. Arguello*, 381 P.2d 5 (Cal. 1963)). By contrast, an order granting probation after suspending the execution of a sentence that was actually imposed is a "judgment" under California law and can, therefore, automatically convert a felony into a misdemeanor. *See id.* (citing *Arguello*, 381 P.2d 5). Based on the quoted language from the PSR, the Court finds that the state sentencing court sentenced Viezcas-Soto to 365 days in jail, suspended the execution of that sentence, and granted a five-year term of probation. *Ante*, at 5. Consequently, the Court concludes that the state court's order qualified as a judgment and that the court's imposition of a punishment other than imprisonment in the state prison automatically converted Viezcas-Soto's conviction from a felony to a misdemeanor. *Ante*, at 5.

In my view, the Court gives short shrift to the threshold question whether California's classification of Viezcas-Soto's underlying conviction controls the meaning of the term felony under § 2L1.2(b)(1)(A). An alternative to the Court's admittedly "complicated" approach would be to limit our inquiry to the maximum term of imprisonment that the state court was authorized to impose for the relevant offense. While section 261.5(c) does not specify a maximum term of incarceration in

state prison, section 18 of the California Penal Code provides that the default maximum term of imprisonment for a felony offense is three years. Accordingly, section 261.5(c) would appear to qualify as a felony under § 2L1.2(b)(1)(A) because it is "punishable by imprisonment for a term exceeding one year."

The Court reaches a contrary conclusion by accepting the proposition that when a wobbler is converted from a felony to a misdemeanor it is thereafter treated as a misdemeanor "for all purposes." *See* Cal. Penal Code § 17(b). Indeed, the Court gives this proposition retroactive force, declaring that section 261.5(c) is either "a misdemeanor *punishable* by imprisonment in the county jail for a term not exceeding one year" or "a felony *punishable* by imprisonment in the state prison for up to three years." *Ante*, at 4 (emphasis added). The Court's construction of section 261.5(c) begs the question. The fact that a wobbler is ultimately converted from a felony to a misdemeanor does not prove that the offense was *never punishable* by imprisonment for a term exceeding one year, but only that the offense was not *actually punished* as severely as it might have been if it were treated as a felony. Notwithstanding the final classification of Viezcas-Soto's prior conviction under California law, the state court clearly possessed the authority at the time of sentencing to impose a term of imprisonment that exceeded one year. The Court does not convincingly explain why the maximum term of imprisonment is not controlling as a matter of federal law.[5]

To be sure, the Court can claim support for its approach from a line of cases in which we have examined state law to determine whether a defendant is eligible for an enhanced sentence by virtue of a prior conviction. *See, e.g.*, *United States v. Gomez-Hernandez*, 300 F.3d 974, 977-78 (8th Cir. 2002) (examining California law to determine whether the defendant's prior conviction for violating California's statutory

---

[5]Incidentally, the Court's approach contradicts Viezcas-Soto's argument that "California's label is irrelevant" and "[w]hat matters [under § 2L1.2(b)(1)(A)] is the maximum punishment authorized for the offense for which Viezcas-Soto was convicted." (Appellant's Br. 10.)

rape law qualified as a "felony" and a "crime of violence" under § 2L1.2(b)(1)(A)); *United States v. Brown*, 33 F.3d 1014, 1018 (8th Cir. 1994) (examining California law to determine whether the defendant's prior drug conviction triggered a mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)). On the other hand, there is a line of cases involving an analogous provision of the guidelines in which we have held that the maximum term of imprisonment is controlling, regardless of how an offense is treated under state law. *See, e.g.*, *United States v. Hester*, 917 F.2d 1083, 1084-85 (8th Cir. 1990) (holding that the defendant's prior conviction qualified as a felony under § 4B1.1 of the then-mandatory sentencing guidelines, even though the relevant offense was classified as a misdemeanor under California law). Likewise, at least two of our sister circuits have held that the maximum term of imprisonment, rather than the state-law classification, determines whether an underlying conviction qualifies as a felony under § 2L1.2(b)(1)(A). *See United States v. Cordova-Arevalo*, 456 F.3d 1229, 1234 (10th Cir. 2006); *United States v. Amaya-Portillo*, 423 F.3d 427, 433 (4th Cir. 2005); *see also United States v. Reinoso*, 350 F.3d 51, 55 (2d Cir. 2003) ("Section 2L1.2's failure to mandate that the [federal] sentencing court accord a defendant's conviction the status that New York law ascribes to it indicates Congress's intent not to so limit the definition of 'conviction.'").

Focusing exclusively on the maximum term of imprisonment has several clear advantages over the Court's approach. Most importantly, it permits the federal courts to "avoid the vagaries of sentencing defendants on the basis of idiosyncratic or unusual felony/misdemeanor classifications." *United States v. Jones*, 235 F.3d 342, 346 (7th Cir. 2000) (holding that the maximum term of imprisonment rather than the state-law classification determines whether an underlying conviction qualifies as a felony under § 4B1.1 of the guidelines). In the mine run of cases, the maximum term of imprisonment is likely to "more accurately and equitably reflect, for cross-jurisdictional purposes, the seriousness of [a] crime than will the crime's felony/misdemeanor classification." *Id.* Allowing defendants like Viezcas-Soto to benefit from California's idiosyncratic classification of statutory rape and other wobbler

-11-

offenses is fundamentally inconsistent with the goal of preserving some modicum of uniformity in federal sentencing. *See id.* Because Viezcas-Soto's prior conviction for violating section 261.5(c) was punishable by up to three years' imprisonment, I would find that it qualifies as a felony under § 2L1.2(b)(1)(A).

Assuming, for the sake of argument, that California's classification scheme is controlling, I would still find that Viezcas-Soto's underlying conviction qualifies as a felony. The dispositive question is whether the state court converted Viezcas-Soto's conviction from a felony to a misdemeanor by "imposing a punishment other than imprisonment in the state prison." *See* Cal. Penal Code § 17(b)(1). The Court answers this question in the affirmative, finding that the state court sentenced Viezcas-Soto to 365 days in jail, suspended the execution of that sentence, and granted a five-year term of probation. *Ante*, at 5. I disagree for two reasons.

First, the Court's description of the state court's sentencing order is premised on conjecture. Recall that an order granting probation and suspending the *imposition* of a sentence is not a judgment under California law, while an order granting probation after suspending the *execution* of a sentence that was actually imposed is a judgment and can, therefore, automatically convert a felony into a misdemeanor. As I noted above, the only evidence in the record regarding the disposition of Viezcas-Soto's prior conviction is a fragment contained in the PSR that merely records a bare-bones summary of the outcome: "5 years probation, 365 days jail (credit for 6 days jail) suspended." In this context, "suspended" could mean that the state court sentenced Viezcas-Soto to 365 days in jail, suspended the execution of that sentence, and granted a five-year term of probation. Alternatively, "suspended" could mean that the state court suspended the imposition of a sentence, granted Viezcas-Soto a five-year term of probation, and ordered Viezcas-Soto to spend 365 days in jail as a condition of his probation. *See* Cal. Penal Code § 1203.1(a) (providing that a sentencing court may, "in [an] order granting probation and as a condition thereof, . . . imprison the defendant in a county jail for a period not exceeding the

maximum time fixed by law in the case"); *United States v. Gomez-Hernandez*, 300 F.3d 974, 978 (8th Cir. 2002) (finding that a wobbler was not converted from a felony to a misdemeanor where "the California court suspended imposition of [the defendant's] sentence, granted him five years probation, and sentenced him to serve 365 days in county jail with 180 days suspended"). Given the ambiguity in the record, I cannot accept the Court's conclusion that the state court suspended the execution, rather than the imposition, of Viezcas-Soto's sentence.

Second, the Court's determination that the state court converted Viezcas-Soto's conviction from a felony to a misdemeanor assumes that the state court violated state law. As the Court concedes, Viezcas-Soto's five-year term of probation exceeds the maximum term of probation authorized for two counts of committing a misdemeanor violation of section 261.5(c). *Ante*, at 6; *see* Cal. Penal Code § 1203a. Meanwhile, Viezcas-Soto's five-year term of probation is entirely consistent with the maximum term of probation authorized for two counts of committing a felony violation of section 261.5(c). *See* Cal. Penal Code §§ 1203(a), 1203.1(a). The Court does not reconcile its finding that the state court treated Viezcas-Soto's conviction as a misdemeanor with the inconvenient fact that Viezcas-Soto received a term of probation that could only be lawfully imposed on a felony offender. I would avoid this incongruity by applying the well-established "presumption that state courts know and follow the law." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). Here, that means presuming the state court knew that it could only lawfully impose a five-year term of probation if Viezcas-Soto was a felony offender. Since the state court imposed a five-year term of probation, I would conclude that it must not have converted Viezcas-Soto's conviction from a felony to a misdemeanor.

Having determined that Viezcas-Soto's prior conviction for violating section 261.5(c) of the California Penal Code qualifies as a felony, I would go on to find that the conviction also qualifies as a crime of violence under § 2L1.2(b)(1)(A)(ii). At the

time of Viezcas-Soto's federal sentencing proceeding, the commentary to § 2L1.2 defined "crime of violence" as

> murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, *statutory rape*, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii) (2007) (emphasis added).[6] We have previously held that a prior conviction for any of the enumerated crimes qualifies as a per se crime of violence under § 2L1.2(b)(1)(A)(ii), regardless of whether the crime has as an element the use, attempted use, or threatened use of physical force against the person of another. *See Gomez-Hernandez*, 300 F.3d at 979. In turn, we employ the categorical approach announced by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990), to determine whether a prior conviction fits the "generic" definition of an enumerated crime. *See United States v. Medina-Valencia*, 538 F.3d 831, 833 (8th Cir.), *cert. denied*, --- U.S. ---, 129 S. Ct. 749 (2008). Under this approach, we "look only to the fact of conviction and statutory definition of the [underlying] offense." *United States v. Vasquez-Garcia*, 449 F.3d 870, 872 (8th Cir. 2006) (citing *Taylor*, 495 U.S. at 602). If a statute is overly inclusive—"criminaliz[ing] both conduct that would qualify a defendant for an enhancement and conduct that would not do so"—we may then "refer to the 'terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant . . . , or to some comparable judicial record of this information,' in order to determine whether the [conviction]

---

[6]The commentary to § 2L1.2 has since been amended to clarify that the term "forcible sex offenses" includes offenses "where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced." *See* U.S.S.G. amend. 722.

'"necessarily" rested' on facts equating to the qualifying offense." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 21, 26 (2005)).

Although section 261.5(c) is a subsection of California's statutory rape law, Viezcas-Soto contends that section 261.5(c) does not comport with the generic definition of statutory rape because California sets the age of consent at eighteen rather than sixteen. Viezcas-Soto's principal authority for this contention is *United States v. Rodriguez-Guzman*, 506 F.3d 738 (9th Cir. 2007), in which the Ninth Circuit determined that the generic definition of statutory rape is unlawful sexual intercourse with a person under sixteen years of age, *id.* at 744-46. The Fifth Circuit has likewise decided that the "the ordinary, contemporary, and common meaning of minor, or age of consent for purposes of a statutory rape analysis, is sixteen." *United States v. Lopez-DeLeon*, 513 F.3d 472, 475 (5th Cir.) (internal quotation marks omitted), *cert. denied*, --- U.S. ---, 128 S. Ct. 2916 (2008). Both courts arrived at the generic definition of statutory rape by adopting the age of consent used in the Model Penal Code and a majority of state criminal codes. *Rodriguez-Guzman*, 506 F.3d at 745-46; *Lopez-DeLeon*, 513 F.3d at 474-75. According to the Fifth Circuit's more recent survey, thirty-three states plus the District of Columbia set the age of consent at sixteen; six states set the age of consent at seventeen; and eleven states, including California, set the age of consent at eighteen.[7] *Lopez-DeLeon*, 513 F.3d at 474 n.3. The Ninth Circuit and the Fifth Circuit therefore held that section 261.5(c) is overly inclusive compared to the generic definition of statutory rape. *Rodriguez-Guzman*, 506 F.3d at 746; *Lopez-DeLeon*, 513 F.3d at 475.

---

[7]This survey of statutory rape laws fails to account for age-differential requirements and other circumstances that may raise or lower the pertinent age of consent. *See Rodriguez-Guzman*, 506 F.3d at 748 (Siler, J., concurring in part and dissenting in part) (noting that many "states which ordinarily consider 16 as the age of consent . . . raise the age of consent to 18 if the [alleged perpetrator] is a parent, guardian, teacher, person in a position of authority, or [a] relative").

I am not persuaded that this court should follow the approach taken by the Ninth Circuit and the Fifth Circuit, which mistakes majority support for general consensus. In my view, our objective is to determine the "*uniform* definition" of statutory rape based on the "core, or common denominator, of the contemporary usage of the term." *Taylor*, 495 U.S. at 592 (emphasis added). Consider, in this regard, the Supreme Court's description of "generic burglary" as a crime containing at least three elements: "an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Id.* at 598. The Court recognized that "exact formulations vary," *id.*, and that some burglary statutes were "narrower than the generic view," *id.* at 599. Notably, the Court did not restrict the generic definition of burglary to the *lowest* common denominator: "a breaking and entering of a *dwelling* [as opposed to any "building" or "structure"] at *night* [as opposed to any time]." *Id.* at 592 (emphasis added). Instead, the Court adopted a definition that was broad enough to encompass the burglary statutes on the books in all but "[a] few" states. *Id.* at 599.

In light of the governing principles set forth by the Supreme Court in *Taylor*, the generic definition of statutory rape adopted by our sister circuits in *Rodriguez-Guzman* and *Lopez-DeLeon* is almost certainly too narrow. While *Taylor* settled on a definition of generic burglary that excluded the burglary statutes of a few states, it did not countenance the articulation of a generic definition based merely on majority rule. It seems to me that a definition of "statutory rape" that excludes the statutory rape laws of seventeen states, including the most populous state in the Union, along with Texas (which sets the age of consent at seventeen), New York (seventeen), Florida (eighteen), and Illinois (seventeen), cannot reasonably be classified as "generic." Thus, I would hold that the generic, contemporary definition of statutory rape is unlawful sexual intercourse with a person under eighteen years of age. This definition is "uniform" in the sense that it encompasses the variable ages of consent used in the Model Penal Code and the criminal codes of all fifty states plus the District of Columbia. Moreover, this definition is based on the "common denominator"

-16-

shared by all statutory rape laws—the criminalization of sexual intercourse with a person below an age set by legislative fiat at eighteen years or younger.[8]

Applying the categorical approach, I would find that California's statutory rape law, section 261.5(c), comports with the generic definition of statutory rape. Accordingly, I would find that Viezcas-Soto's prior conviction for violating section 261.5(c) qualifies as a per se crime of violence under § 2L1.2(b)(1)(A)(ii).[9]

Viezcas-Soto argues, in the alternative, that his sentence of 24 months' imprisonment is substantively unreasonable because it is greater than necessary to comply with the purposes of sentencing under 18 U.S.C. § 3553(a). I disagree.

Viezcas-Soto was convicted of illegal reentry after being deported in violation of 8 U.S.C. § 1326(a), which carries a base offense level of 8. After applying the disputed 16-level enhancement under § 2L1.2(b)(1)(A) and a 3-level reduction for acceptance of responsibility under § 3E1.1(b), the district court correctly determined

---

[8]The generic definition of statutory rape is, of course, subject to change. For example, if California was left as the only state that set the age of consent at eighteen, then the "uniform" age of consent might be lowered to seventeen.

[9]Viezcas-Soto's prior conviction also fits the generic definition of "sexual abuse of a minor," another enumerated crime of violence under § 2L1.2(b)(1)(A)(ii). We have suggested that sexual abuse of a minor has at least three elements: (1) sexual conduct; (2) engaged in with a person under eighteen years old; (3) engaged in by a person who is older (but how much older?) than the victim. *See United States v. Medina-Valencia*, 538 F.3d 831, 834-35 (8th Cir.), *cert. denied*, --- U.S. ---, 129 S. Ct. 749 (2008); *United States v. Montenegro-Recinos*, 424 F.3d 715, 717-18 (8th Cir. 2005). These elements are satisfied in this case because the charging document showed that Viezcas-Soto was convicted of engaging in sexual conduct with a person who was sixteen years old and Viezcas-Soto effectively admitted that he was twenty-eight years old at the time of the offense by failing to object to his age and date of birth identified in the PSR. *See Medina-Valencia*, 538 F.3d at 835.

that Viezcas-Soto's total offense level under the advisory sentencing guidelines was 21. Since Viezcas-Soto's criminal history placed him in category II, the applicable guideline range was 41 to 51 months. Nevertheless, the district court imposed a substantially lower sentence based on its erroneous determination that Viezcas-Soto was subject to a maximum sentence of 24 months.

Although Viezcas-Soto pled guilty to violating subsection (a) of § 1326, which *standing alone* carries a maximum sentence of 24 months, he was still eligible for a higher maximum sentence under subsection (b) of § 1326, which the Supreme Court has held is a "penalty provision" rather than a "separate crime." *See Almendarez-Torres v. United States*, 523 U.S. 224, 226 (1998). In particular, subsection (b)(1) provides that an offender who violates subsection (a) is subject to a maximum sentence of ten years if he was previously deported "subsequent to a conviction for [committing] . . . a felony"; and subsection (b)(2) provides that an offender who violates subsection (a) is subject to a maximum sentence of twenty years if he was previously deported "subsequent to a conviction for [committing] . . . an aggravated felony." *See id.* at 232. The district court found that Viezcas-Soto's prior conviction qualified as a felony and a crime of violence—a category that includes the most serious aggravated felonies, *see United States v. Reyes-Solano*, 543 F.3d 474, 476 (8th Cir. 2008); *Gomez-Hernandez*, 300 F.3d at 976. Provided that these findings were correct—as I suggest in the preceding portion of this opinion—then Viezcas-Soto was subject to a maximum sentence of 240 months and the correct guideline range was 41 to 51 months.

Needless to say, Viezcas-Soto was not prejudiced by the district court's erroneous determination of the maximum sentence; after all, the district court's error resulted in its imposition of a sentence below the presumptively reasonable guideline

range.[10] The record shows that the district court adequately considered the sentencing factors set out in 18 U.S.C. § 3553(a), particularly "the history and characteristics of the defendant," *id.* § 3553(a)(1), and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C). Specifically, the district court discussed Viezcas-Soto's previous conviction for illegal reentry after being deported—the same offense to which he pled guilty in this case. The district court reported that Viezcas-Soto's first illegal reentry conviction resulted in a sentence of 24 months' imprisonment. Noting that the previous sentence did not deter Viezcas-Soto from repeating the same crime, the district court announced that it would impose "the same sentence as [Viezcas-Soto] got before . . . [in the] hope that he figures out he's not supposed to come back here unless he does so legally."

Viezcas-Soto asserts that the district court committed a clear error of judgment in weighing the relevant sentencing factors. Given Viezcas-Soto's history of recidivism, however, I cannot say that the district court's choice of sentence was unreasonable. *Cf. United States v. Hill*, 513 F.3d 894, 899 (8th Cir. 2008) (holding that the district court did not abuse its discretion by varying upward from the applicable guideline range to account for the defendant's high risk of recidivism).

In summary, I would find that Viezcas-Soto's prior conviction for violating California's statutory rape law qualifies as a felony and a crime of violence for purposes of the 16-level enhancement under § 2L1.2(b)(1)(A) and that his sentence

---

[10]Any prejudice that the Government suffered is irrelevant to the present analysis because the Government failed to cross-appeal.

is reasonable. Accordingly, I would affirm Viezcas-Soto's 24-month sentence.[11] Because the Court concludes otherwise, I respectfully dissent.

_____

[11]With respect to the scope of the resentencing proceeding that the Court has ordered, I note that the district court is free to consider additional evidence that may conclusively resolve the question whether Viezcas-Soto's prior conviction for violating California's statutory rape law qualifies as a felony. *See United States v. Dunlap*, 452 F.3d 747, 749-50 (8th Cir. 2006) ("[W]here a court of appeals vacates a sentence or reverses a finding related to sentencing and remands the case for resentencing without placing any limitations on the district court, the court 'can hear any relevant evidence . . . that it could have heard at the first hearing.'" (quoting *United States v. Cornelius*, 968 F.2d 703, 705 (8th Cir. 1992))).