NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 10-1410
_____

UNITED STATES OF AMERICA

v.

RODOLFO ASCENCION-CARRERA,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-09-cr-00087-001)
District Judge:  Honorable Legrome D. Davis

_____

Submitted Under Third Circuit LAR 34.1(a)
February 14, 2011

Before: SLOVITER, HARDIMAN, and ALDISERT, Circuit Judges

(Filed: February 16, 2011)

_____

OPINION
_____

SLOVITER, *Circuit Judge*.

Rodolfo Ascencion-Carrera pled guilty to reentering the United States illegally after deportation in violation of 8 U.S.C. § 1326 and was sentenced to 46 months imprisonment. Ascencion-Carrera now appeals his sentence, arguing that the District Court plainly erred in enhancing his sentence because his prior conviction under Cal. Penal Code § 261.5(a) (statutory rape) does not constitute a crime of violence for purposes of the United States Sentencing Guidelines, U.S.S.G. § 2L1.2(b)(1)(A) (2008).[1] We will affirm.[2]

Under the Sentencing Guidelines, an alien who is convicted of illegally reentering the United States has a base offense level of eight. U.S.S.G. § 2L1.2(a). A defendant charged with illegal reentry who has sustained a felony conviction for a "crime of

---

[1] Ascencion-Carrera has abandoned his argument that the District Court plainly erred in concluding that his statutory rape conviction constitutes an "aggravated felony" for statutory maximum sentencing purposes in light of this court's intervening decision in *Restrepo v. Att'y Gen.*, 617 F.3d 787 (3d Cir. 2010).

[2] The District Court had jurisdiction under 18 U.S.C. § 3231 and we have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Where, as here, the defendant failed to call an erroneous Guidelines calculation to the District Court's attention, we review for plain error. Fed. R. Crim. P. 52(b). We must find: (1) an error was committed, (2) the error was plain, and (3) the error affected the defendant's substantial rights. *United States v. Knight*, 266 F.3d 203, 206 (3d Cir. 2001). If all three conditions are met, we may exercise our discretion to notice a forfeited error, but only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* With respect to this final step, we have held that we will generally exercise our discretion to recognize a plain error in the misapplication of the Sentencing Guidelines. *Id.* at 206-07 n.7.

violence" is subject to a sixteen-level enhancement.[3] *Id.* § 2L1.2(b). The Application

Notes define a "crime of violence" to mean, *inter alia*, "statutory rape" or "sexual abuse

of a minor." *Id.* § 2L1.2 cmt. n.1(B)(iii). As a preliminary matter, we agree with

Ascencion-Carrera that, to avoid redundancy, this case is properly analyzed under the

enumerated predicate of statutory rape, not sexual abuse of a minor.[4] *See United States v.*

*Landmesser*, 378 F.3d 308, 312-13 (3d Cir. 2004) (Guidelines must be interpreted so as

to avoid surplusage).

Even if we were to find that the District Court committed error in determining that

Cal. Penal Code § 261.5 categorically qualifies as a crime of violence under the

Guidelines, the more difficult inquiry is whether any such error was plain.[5] Although the

only courts of appeals to squarely address the issue have held that § 261.5 does not

comport with the generic definition of statutory rape under the Guidelines, *see United*

---

[3] In this case, the sixteen-level enhancement resulted in a Guidelines range of 46-57 months, significantly higher than the otherwise applicable sentencing range.

[4] Indeed, were we to analyze under the sexual abuse of a minor predicate, Ascencion-Carrera's argument for plain error might be more forceful. Apart from any arguments regarding the age of consent, § 261.5 would likely not categorically qualify as sexual abuse of a minor under the illegal reentry guideline because it criminalizes nonabusive conduct, e.g., consensual sex between a person one day shy of 18 and a person who has just turned 21. *See, e.g., United States v. Lopez-Solis*, 447 F.3d 1201 (9th Cir. 2006) (Tennessee statutory rape law not categorically sexual abuse of a minor under previous Guidelines because it proscribes sexual conduct between 17-year-old and 22-year-old).

[5] We assume without deciding that the statute of conviction is broader than the generic form of the crime set forth in the federal enhancement provision because it defines the age of consent at eighteen rather than sixteen.

3

*States v. Lopez-DeLeon*, 513 F.3d 472, 475 (5th Cir. 2008) (Cal. Penal Code § 261.5(c) not categorically a crime of violence under illegal reentry guideline); *United States v. Rodriguez-Guzman*, 506 F.3d 738, 746-47 (9th Cir. 2007) (same), neither the Supreme Court, this court, nor several other courts of appeals have decided the issue.[6] As such, we cannot say that Ascencion-Carrera has met his burden of proving that the District Court committed plain error. *See United States v. Olano*, 507 U.S. 725, 734 (1993) (error is "plain" when it is "clear under current law"); *United States v. Harris*, 471 F.3d 507, 512 (3d Cir. 2006) (error not plain where neither the Supreme Court nor Third Circuit had ruled on issue in a precedential opinion). Moreover, that this is a point upon which reasonable minds could differ is evidenced by related opinions further undermining our ability to find that any error was plain. *See United States v. Viezcas-Soto*, 562 F.3d 903, 914 (8th Cir. 2009) (Gruender, J., dissenting) ("It seems to me that a definition of 'statutory rape' that excludes the statutory rape laws of seventeen states, including the most populous state in the Union [California], along with Texas [age of consent 17], New York [17], Florida [18], and Illinois [17], cannot reasonably be classified as 'generic.'"); *United States v. Alvarado-Hernandez*, 465 F.3d 188, 189-90 (5th Cir. 2006) (holding

---

[6] In *United States v. Hernandez-Castillo*, 449 F.3d 1127, 1131 (10th Cir. 2006), the Tenth Circuit held that § 261.5(c) qualifies as a crime of violence under the illegal reentry guideline. However, there the defendant did not raise an overbreadth challenge and the Court did not apply the categorical approach, instead deeming California statutory rape a crime of violence simply because "statutory rape" is an enumerated offense in the Guidelines.

4

Texas statutory rape statute, setting threshold age of 17, meets generic, contemporary definition of statutory rape triggering sentence enhancement under the Guidelines).

Accordingly, we affirm the sentence imposed by the District Court.