# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 12-2748

———————————————

United States of America

*Plaintiff - Appellee*

v.

Lee Adams

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

——————————

Submitted: January 14, 2013
Filed: June 11, 2013
[Published]

——————————

Before BYE, MELLOY, and SMITH, Circuit Judges.

——————————

PER CURIAM.

A grand jury in the Eastern District of Arkansas indicted Lee Adams for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A grand jury in the Middle District of Florida indicted Adams for being a felon in possession of

ammunition, in violation of 18 U.S.C. § 922(g)(1). The district court[1] granted a joint motion to consolidate the two cases for plea and sentencing. Adams pleaded guilty pursuant to a plea agreement to the counts set forth in both indictments, but the parties agreed to leave to the district court the determination of whether the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), applied. Adams's prior convictions included three offenses under the assault statutes of the State of California. Two of the assault offenses could be classified as either misdemeanor or felony convictions, depending upon the length of incarceration imposed—so-called "wobbler" offenses. Adams agreed that the third offense, inflicting corporal injury upon a spouse, was a felony. The district court found that both wobbler offenses were in fact felonies and sentenced Adams under the ACCA. Adams timely appealed his classification as an armed career criminal, arguing that the two wobbler offenses were misdemeanors under California law. We affirm.

## I. *Background*

In 1984, Adams was convicted in the Superior Court of California, Santa Clara County, in case number 95134 of assault with a deadly weapon or force likely to produce great bodily injury—other than a firearm, in violation of California Penal Code § 245(a)(1). For this conviction, Adams received a sentence of three years' formal probation, with imposition of sentence suspended, with a condition of probation of jail time of 365 days to be served in the county jail, with credit for time served of 122 days. In 1988, Adams was again convicted in the Superior Court of California, Santa Clara County in case number 121468 for the same offense. For this conviction, Adams received a sentence of three years' formal probation, with imposition of sentence suspended, with a condition of probation of jail time of 365 days to be served in the county jail, with credit for time served of 96 days. In 1991, Adams was again convicted in the Superior Court of California, Santa Clara County,

---

[1]The Honorable J. Leon Holmes, United States District Judge for the Eastern District of Arkansas.

in case number 152062. This time Adams was convicted of infliction of corporal injury upon a spouse, in violation of California Penal Code § 273.5(a). For this conviction, Adams received a sentence of three years' felony probation, with imposition of sentenced suspended, with a condition of probation of jail time of one year to be served in the county jail, with credit for time served.

On April 19, 2012, in a consolidated proceeding, Adams pleaded guilty to two felony-in-possession charges arising from separate prosecutions in the Eastern District of Arkansas and the Middle District of Florida. The plea agreement, signed by Adams and his attorney, stated in relevant part that if the district court determined that the ACCA applied, then the minimum term of Adam's imprisonment would be 15 years and:

> The parties agree that, at a minimum, the defendant was previously convicted of the following crimes punishable by a term of imprisonment exceeding one year: (1) in the Superior Court of California, Santa Clara County, for assault with a deadly weapon or force likely to produce great bodily injury, in criminal case 95134; (2) in the Superior Court of California, Santa Clara County, for assault with a deadly weapon or force likely to produce great bodily injury, in criminal case 121468; and (3) in the Superior Court of California, Santa Clara County, for inflicting corporal injury upon a spouse, in a criminal case 152062.

For each California conviction, Adams received similar sentences of three years' probation, with imposition of sentence suspended, with a condition of probation of jail time of 365 days to be served in the county jail. The information summary[2] for case number 152062 referred to the convictions in case numbers 121468 and 95134 as felony convictions. At his change-of-plea hearing, Adams admitted that each of these offenses was associated with a term of imprisonment

_____

[2]The information summary is produced by the Santa Clara district attorney and includes a summary of the facts related to the charge as well as any prior felonies.

greater than one year. The presentence investigation report (PSR) recommended a base offense level of 14. The PSR added two offense levels under U.S.S.G. § 2K2.1(b)(1)(A) (2011) for possessing more than three but less than seven firearms, added four offense levels under U.S.S.G. § 2K2.1(b)(6)(B) for possessing the firearm in connection with another felony offense. Applying U.S.S.G. § 4B1.4(b)(3)(A), the PSR established an offense level of 34 based on Adams's status as an armed career criminal taking into account his three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. The PSR subtracted two levels based on U.S.S.G. § 3E1.1(a) for acceptance of responsibility, resulting in a total offense level for Adams of 32. At the sentencing hearing, the government moved for an additional one level-reduction for acceptance of responsibility, which the court accepted, putting the total offense level at 31.

Adams objected to the PSR designating him as an armed career criminal. Adams did not dispute that his conviction for inflicting corporal injury upon a spouse was a felony, he specifically objected to the classification of the two California assault offenses as felonies under the ACCA. Adams argued that the two convictions for assault with a deadly weapon in case numbers 95134 and 121468, both in violation of California Penal Code § 245(a)(1), were "wobblers" and should have been classified as misdemeanors. Specifically, Adams argued that in both of these convictions, the state court sentenced him to one year in jail. According to Adams, the convictions were for misdemeanors, not felonies, and he could not receive a sentence of greater than one year.

The district court disagreed with Adams and found that all of Adams's California convictions were properly classified as felonies under the ACCA based on *United States v. Robinson*, 967 F.2d 287, 293 (9th Cir. 1992), *abrogated in part on other grounds by Ortega-Mendez v. Gonzales*, 450 F.3d 1010, 1020 (9th Cir. 2006). The district court noted that the judge who sentenced Adams for his third offense, inflicting corporal injury upon a spouse, treated his prior assault convictions as felony

convictions. In sum, the district court found Adams to have three prior felony convictions and thus to be an armed career criminal under 18 U.S.C. § 924(e). The district court sentenced Adams to 180 months' imprisonment for both offenses to run concurrently and five years of supervised release. Adams timely appealed the district court's finding that he was an armed career criminal.

## II. *Discussion*

Adams argues that his two prior "violent felony" convictions for assault with a deadly weapon were actually misdemeanors under California law. Adams contends that these offenses were "wobbler" offenses that could be felonies but which became misdemeanors under California law when the state trial court imposed a sentence other than incarceration in a state prison. Adams also argues that this court should follow the rule of lenity by resolving any ambiguity regarding the application of the ACCA in his favor. Adams asserts that since two of his prior convictions were misdemeanors, he should not have been classified as an armed career criminal.

"We review de novo a district court's determination that a defendant's prior conviction constitutes a violent felony for purposes of § 924(e)." *United States v. Boaz*, 558 F.3d 800, 806 (8th Cir. 2009) (citation omitted). Under 18 U.S.C. § 922(g)(1),

> [i]t shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Any individual who violates § 922(g)(1) and who has three previous convictions for a violent felony or a serious drug offense shall be "imprisoned not less than fifteen

years." 18 U.S.C. § 924(e). Under 18 U.S.C. § 924(e)(2)(B), "the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year."

Adams's criminal record includes two violations of California Penal Code § 245. Each violation was punishable by "imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment." *Id.* § 245(a)(1). "[A]n offense punishable either by imprisonment in the state prison or by a county jail sentence is 'said to "wobble" between the two punishments and hence is frequently called a "wobbler" offense.'" *United States v. Viezcas-Soto*, 562 F.3d 903, 906, n.2 (8th Cir. 2009) (quoting *Robert L. v. Superior Court*, 69 P.3d 951, 956 n.9 (2003)). Under California Penal Code § 17(b),

> [w]hen a crime is punishable, in the discretion of the court, either by imprisonment in the state prison or imprisonment in a county jail . . . it is a misdemeanor for all purposes under the following circumstances:
>
> (1) After a *judgment* imposing a punishment other than imprisonment in the state prison or imprisonment in a county jail under the provisions of subdivision (h) of Section 1170 [or]
>
> * * *
>
> (3) When the court grants probation to a defendant without imposition of sentence *and* at the time of granting probation, or on application of the defendant or probation officer thereafter, *the court declares the offense to be a misdemeanor*.

(Emphases added.)

"Under California law, where the offense is alternatively a felony or misdemeanor it is regarded as a felony for every purpose until judgment." *Robinson*, 967 F.2d at 293. In *Robinson*, the Ninth Circuit held that where a court granted

probation and suspended imposition of a sentence after conviction, imposed a nine month jail term, never entering judgment and never declaring the offense to be a misdemeanor, the prior conviction (battery on a police officer) was a felony and California Penal Code §§ 17(b)(1) and (3) did not apply. *Id*. The Ninth Circuit found that California Penal Code § 17(b)(1) did not apply because no judgment was rendered and § 17(b)(3) did not apply because the convictions were never declared to be misdemeanors. *Id*. The Ninth Circuit has also stated:

> Clearly, "[a]n order granting probation is not a judgment." *People v. Smith*, 195 Cal. App. 2d 735, 737, 16 Cal. Rptr. 12 (1961). Furthermore, when a sentencing court grants probation after a conviction, it may suspend the imposition of sentence, in which case no judgment of conviction is rendered, or it may impose sentence and order its execution to be stayed. In the latter case only, a judgment of conviction is rendered. *People v. Arguello*, 59 Cal. 2d 475, 476, 30 Cal. Rptr. 333, 381 P.2d 5 (1963)."

*Id*.

Adams's previous convictions for assault with a deadly weapon, case numbers 95134 and 121468, were punishable by imprisonment for greater than one year under California Penal Code § 245. However, because violation of § 245 can result in imprisonment in a state prison greater than a year or imprisonment in a county jail for less than a year, the convictions "wobble" between a felony and a misdemeanor. Adams's case resembles *Robinson* because both cases involve an order of probation in addition to the suspension of the imposition of the sentence and one year or less in county jail. Since the California court imposed probation for both of Adams's convictions, these convictions did not result in a judgment under *Robinson* and thus § 17(b)(1) does not apply. *See Robinson*, 967 F.2d at 293. Additionally, although the court granted probation, like in *Robinson*, it did not explicitly declare the assault convictions to be misdemeanors. Section 17(b)(3) is thus inapplicable as well. *See id*.

-7-

Applying *Robinson* to this appeal, Adams's convictions in case numbers 95134 and 121468 are felonies for sentencing purposes because, although each of the assault offenses may wobble between a felony and a misdemeanor, neither conviction resulted in a judgment and neither court declared the convictions to be misdemeanors.

Adams contends that in *Viezcas-Soto*, this court agreed with his position that California Penal Code § 17(b) renders a conviction a misdemeanor "'[a]fter a judgment imposing a punishment other than imprisonment in the state prison.'" 562 F.3d at 907 (alteration in original) (quoting Cal. Penal Code § 17(b)(1)). Imprisonment in a county jail, for instance, would not constitute a felony. Therefore, Adams argues that because he received punishment other than imprisonment for his convictions, the offenses could not be felonies under California law. Consequently, according to Adams, the offenses were not predicate offenses under the ACCA. Adams, however, misreads our precedent and the California statute. *Viezcas-Soto* dealt with the question of whether the government had sufficiently proven that the appellant's prior conviction qualified as a felony crime of violence for purposes of the application of a Guidelines enhancement. *Id*. The record in *Viezcas-Soto* was unclear as to how the California court put its sentence into effect. *Id*. The record in this case has no such deficiency. This case is distinguishable from *Viezcas-Soto* because the records clearly indicate that the California courts suspended the imposition of the sentences. Suspended sentences do not represent judgments. *See Robinson*, 967 F.2d at 293. In contrast, in *Viezcas-Soto*, the record was unclear whether there was a suspension of the imposition or the execution of the sentence. 562 F.3d at 907–08. In *Viezcas-Soto*, "we conclude[d] the government did not meet its burden of proving the offense was a felony within the meaning of the relevant Guidelines section." *Id.* at 905.

Additionally, the present case is also distinguishable from *United States v. Bridgeforth*, 441 F.3d 864, 871–72 (9th Cir. 2006). In that case, the Ninth Circuit held that a prior conviction became a judgment when the court terminated probation

-8-

and imposed a sentence of 365 days in county jail and thus was a misdemeanor under § 17(b)(1). *Id*. at 871–72. Here, the probation has not been terminated.

Finally, Adams argues that the rule of lenity should apply in this case because "[i]t is difficult to determine the effects of the California wobbler statutes on criminal history in a federal case. The courts should resolve any inconsistencies in that determination in favor of the Appellant, Mr. Adams." For authority, Adams cites only to *Viezcas-Soto*'s footnote 3, which does not address the rule of lenity. *See* 562 F.3d at 908 n.3. Adams has thus cited no authority for his argument that lenity should apply. We also do not find his reasoning persuasive given our analysis of California's relevant statutes and cases interpreting them. "The simple existence of some statutory ambiguity . . . is not sufficient to warrant application of [the rule of lenity], for most statutes are ambiguous to some degree." *Muscarello v. United States*, 524 U.S. 125, 138–39 (1998). "To invoke the rule, we must conclude that there is a grievous ambiguity or uncertainty in the statute." *Id*. (quotations and citations omitted). The case contains no grievous ambiguity or uncertainty.

Adams's two prior convictions for assault with a deadly weapon and a conviction for infliction of corporal injury to a spouse are felonies. Therefore, the district court properly classified Adams as an armed career criminal under § 924(e).

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____